IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK DENNIS, individually and on behalf of all others similarly situated,** § § § | |
| Plaintiff, § | CIVIL ACTION NO._____ |
| v. § § | |
| **STINE, LLC** § § | JURY TRIAL DEMANDED |
| Defendant. § | |

## PLAINTIFFS' COMPLAINT – CLASS ACTION

Plaintiff Derrick Dennis ("Mr. Dennis" or "Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendant, STINE, LLC, and respectfully alleges as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated individuals for the purpose of obtaining relief under the Fair Credit Reporting Act ("FCRA"). First, Defendant violated the FCRA by obtaining consumer reports on Plaintiff and other job applicants for employment purposes without providing the disclosures and notifications required by the FCRA. Second, Defendant violated the FCRA by using consumer reports to make adverse employment decisions without, beforehand, providing Plaintiff and other job applicants who were the subject of the report: (i) sufficient and timely notification of Defendant's intention to take adverse action against them; and (ii) a copy of the report and a summary of rights under the FCRA, leaving Plaintiffs and other job applicants who were the subject of the report without any time, much less

sufficient time, to dispute the report.

## THE PARTIES

2. Plaintiff is an individual residing in Lafayette Parish, Louisiana. Plaintiff applied for employment with Defendant on or around January 22, 2016.

3. Defendant STINE, LLC is a Louisiana limited liability company, which has or is doing business within the jurisdiction of this Honorable Court.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under 15 U.S.C. § 1681, *et seq*.

5. Venue is proper pursuant to 28 U.S.C. § 1391, because Defendant (i) is subject to personal jurisdiction in this district, and (ii) the acts and omissions giving rise to the claims alleged herein caused damage to Plaintiff and other Class members in this district.

## FACTUAL ALLEGATIONS

6. The FCRA contains a number of requirements relating to the use of consumer reports for employment purposes. Under the FCRA, an employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless ...a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i).

7. Furthermore, under the FCRA, an employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless the consumer has authorized in writing . . . the procurement of the report by that person." 15 U.S.C. § 1681b(b)(2)(A)(ii).

8. The FCRA also requires that an employer considering taking adverse action based in whole or on in part on the results of a consumer report provide the affected individual with: (i) a copy of the consumer report, and (ii) a summary of his/her rights under the FCRA, as prescribed by the Federal Trade Commission. The purpose of this "pre-adverse action notice" is to provide the affected individual with an opportunity to dispute and correct any inaccurate information in the consumer report and thereby avoid the adverse employment action that the employer might take based on the report.

9. After providing the pre-adverse action notice described above, the FCRA requires that the employer wait a reasonable period of time before taking any adverse action based in whole or in part on information in the consumer report. Upon taking an adverse action, the employer must provide notice to the affected individual and the notice must include the following:

(i) The name and contact information for the consumer reporting agency that provided the consumer report on which the adverse employment decision was based. The contact information provided should include the name, address, and phone number for the consumer reporting agency. If a toll-free telephone number is available for the consumer reporting agency, it should be provided to the applicant or employee;

(ii) A statement advising the individual that the consumer reporting agency did not make the adverse employment decision and cannot, therefore, provide any reasons why the adverse action was taken;

(iii) Notification that the affected individual is entitled to receive a free copy of the consumer report on which the adverse action was based. The affected individual has a 60-day period in which to obtain his free report, and the notice to the affected individual must so state; and

(iv) Notice to the employee or applicant of his right to dispute the information in his background check with the consumer reporting agency that furnished it.

10. As noted above, Plaintiff applied for employment with Defendant in or around January 22, 2016 via an online application.

11. On or about on January 26, 2016 Plaintiff interviewed with Defendant for a position

as an Inventory Clerk. Plaintiff interviewed with a "Mr. Scott." Mr. Scott's full name is unknown.

12. During the job interview, Mr. Scott informed Plaintiff that he would be offered the job so long as there were no convictions on his record. The following day, Defendant ordered a consumer report on the Plaintiff.

13. On February 5, 2016 Plaintiff received a telephone call from Kelly Broussard, Director of Human Resources for Stine, LLC. Ms. Broussard informed Plaintiff that he was ineligible for hire due to an arrest record on his consumer report.

14. Following the telephone conversation, at 3:15 p.m., Ms. Broussard sent Plaintiff an e-mail providing him with a copy of his consumer report. (See Exhibit A: e-mail correspondence between Ms. Broussard and Plaintiff.)

15. Neither the e-mail nor the consumer report provided to Plaintiff contained a Summary of Rights, as required by the FCRA. Further, Ms. Broussard directed Plaintiff to "Lafayette Parish" to discuss any discrepancies on the report—not the consumer reporting agency. (*See* Exhibit A and Exhibit B: Accurate Background, Inc., Consumer Report).

16. Plaintiff never received any information required by the FCRA before (or after) Defendant obtained a consumer report/background check on Plaintiff for employment purposes. Notably, the final page of the consumer report specifically instructs employers to consult the FCRA before making business decisions based on the results of the report. (*See* Attachment B: Accurate Background, Inc., Consumer Report)

17. Upon information and belief, Plaintiff was denied employment with Defendant because of information obtained in a consumer report/background check performed by Defendant, i.e., an arrest. Although Plaintiff was arrested for a crime, upon information and belief, the crime has not and will not be prosecuted. Defendant was deprived of the opportunity to explain this to

Defendant, however.

18. Based on the foregoing, Defendant violated the FCRA, including 15 U.S.C. § 1681b(b)(2)(A)(i) and (ii), by obtaining a consumer report on Plaintiff and other job applicants for employment purposes without first providing a clear and conspicuous written disclosure that a consumer report may be obtained for employment purposes.

19. Defendant further violated the FCRA's mandatory pre-adverse action notification requirements, and failed to provide a copy of the consumer report/background check obtained on Plaintiff before taking adverse action as required by 15 U.S.C. § 1681b(b)(3). Other individuals who have applied for employment with Defendant have been similarly aggrieved by the same violation of 15 U.S.C. § 1681b(b)(3).

20. By failing to provide the most basic information required by the FCRA, Defendant acted in deliberate and reckless disregard of its obligations and the rights of job applicants, including Plaintiff, making its conduct a willful violation of the FCRA.

21. Plaintiffs and members of the proposed class experienced a concrete injury in the form of being deprived of a disclosure to which they were statutorily entitled as a result of Defendant' failure to comply with (i) the FCRA's stand-alone disclosure requirement; and (ii) the FCRA's mandatory pre-adverse action notification requirements.

22. Plaintiffs and members of the proposed class further experienced a concrete injury in the form of (i) their privacy being invaded by Defendant' procurement of a consumer report without the stand-alone disclosure required by the FCRA; (ii) being deprived of potential employment opportunities by Defendant' failure to comply with FCRA's mandatory pre-adverse action notification requirements; and (iii) being deprived of potential employment opportunities by Defendant's failure to provide the consumer report/background check obtained on Plaintiff and

members of the proposed class before taking adverse action.

23. Plaintiffs and members of the proposed class experienced a concrete injury in the form of being deprived of a disclosure to which they were statutorily entitled as a result of Defendant' failure to comply with the FCRA's mandatory pre-adverse action notification requirements.

24. Plaintiff also suffered actual damages in that he was denied employment with Defendant based on information included in his consumer report and that he did not have an opportunity to contest as required by the FCRA.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23. The "Disclosure Class" is defined as follows:

> Any person who applied to Defendant and did not receive a clear and conspicuous written disclosure that a consumer report may be obtained for employment purposes and on whom Defendant obtained a consumer report or background check for employment purposes for the period beginning two years prior to the filing of this Complaint and continuing through the date the class list is prepared.

26. The "Adverse Action Class" is defined as follows:

> Any person who applied for employment with Defendant and for whom Defendant obtained a consumer report that contained a criminal record or credit item that disqualified the person from employment and to whom Defendant did not provide a copy of the consumer report and other disclosures required by the FCRA at least five business days before the employment decision was made.

27. The members of the proposed classes are so numerous that joinder of all members is impracticable. Defendant regularly obtains consumer reports on job applicants for employment purposes without first providing a clear and conspicuous written disclosure that a consumer report may be obtained for employment purposes. Further, Defendant regularly uses information in consumer reports to conduct background checks on prospective employees, and frequently relies on such information as a basis for adverse employment action without providing the notices

required by the FCRA. Upon information and belief, hundreds or even thousands of Defendant's prospective and existing employees satisfy the class definition.

28. Plaintiff's claims are typical of the proposed classes he seeks to represent because of, *inter alia*, the following:

> (i) Defendant regularly obtains consumer reports on job applicants for employment purposes without first providing a clear and conspicuous written disclosure that a consumer report may be obtained for employment purposes
>
> (ii) Plaintiff and the proposed classes have had consumer reports obtained on them by Defendant prior to providing the disclosures required by the FCRA;
>
> (iii) Defendant regularly uses information in consumer reports to conduct background checks on prospective employees, and frequently relies on such information as a basis for adverse employment action without providing the notices required by the FCRA.
>
> (iv) Plaintiff and the proposed class have sustained similar types of damages as a result of Defendant' conduct;
>
> (v) Plaintiff's claims are based on the same legal theories as those of the proposed classes and involve similar factual circumstances.

29. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes. Plaintiff has retained counsel competent and experienced in class actions and employment litigation. There is no conflict between Plaintiff and members of the proposed classes.

30. There are questions of law and fact common to the proposed classes which predominate over any questions affecting only individual members of the proposed classes, including, *inter alia*, the following:

> (i) Whether Defendant obtained consumer reports on prospective and existing employees;
>
> (ii) Whether Defendant violated the FCRA by procuring consumer reports without a FCRA-compliant disclosure;
>
> (iii) Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action Class on the basis of information

in a consumer report without first furnishing a copy of the consumer report and other notices to the affected person;

(iv) Whether Defendant's FCRA violations were willful;

(v) The proper measure of statutory damages; and

(vi) The proper measure of punitive damages.

31.  Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) or (3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the proposed classes. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the proposed classes have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies and practices, resulting in common violations of the FCRA. Moreover, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would require. In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgment about Defendant's practices. Finally, Defendant has acted or refused to act on grounds generally applicable to the proposed classes so that class-wide relief is appropriate for the proposed classes as a whole.

32.  Plaintiff intends to send notice to all members of the proposed classes consistent with Fed. R. Civ. P. 23. Defendant maintains records and data to identify all of the potential class members in this case.

## FIRST CAUSE OF ACTION
(Obtaining Consumer Reports without Making Proper Disclosures) 15 U.S.C. § 1681b(b)(2)(A)(i), *et seq.*

33.  Plaintiff incorporates by reference each and every allegation set forth in the

preceding paragraphs as though fully set forth.

34. Defendant obtained consumer reports on Plaintiff and members of the Disclosure class for employment purposes without first providing the disclosures required by the FCRA.

35. Defendant's conduct, as heretofore alleged, was willful.

36. Plaintiff and members of the proposed class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

37. Plaintiff and members of the proposed class are entitled to punitive damages for Defendant's violations pursuant to 15 U.S.C. § 1681n(a)(2).

38. Plaintiff and the class are further entitled to recover their costs and attorneys' fees incurred as a result of Defendant's violations pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
(Failing to Provide Copy of Consumer Report, Notices, and Disclosures) 15 U.S.C. § 1681b(b)(3)(A)

39. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

40. Defendant used a consumer report as defined by the FCRA to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

41. Defendant violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with a copy of the consumer report that was used as a basis to take adverse employment action.

42. Defendant violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with a copy of the consumer report that was used as a basis to take adverse employment action at least five (5) business days before doing so.

43. Defendant' conduct, as heretofore alleged, was willful.

44. Plaintiff and members of the Adverse Action class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n.

45. Plaintiff is further entitled to actual damages as a result of Defendant's actions and omissions.

46. Plaintiff and members of the Adverse Action Class are entitled to punitive damages for Defendant' violations pursuant to 15 U.S.C. § 1681n.

47. Plaintiff and the class are further entitled to recover their costs and attorneys' fees incurred as a result of Defendant' violations pursuant to 15 U.S.C. § 1681n(a)(3).

## DEMAND FOR JURY

48. Plaintiff, individually and on behalf of the proposed classes, hereby demands a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth his Complaint, Plaintiff, individually and on behalf of the proposed classes, prays that this Court will:

(a) Certify Plaintiff's claims as class actions pursuant to Fed. R. Civ. P. 23(b)(2) and/or (3);

(b) Designate Plaintiff as Class Representative and designate the undersigned counsel as counsel for the proposed classes;

(c) Issue notice to the proposed classes at Defendant's expense;

(d) Enter a declaratory judgment that the practices complained of herein are unlawful under the FCRA and that Defendant willfully violated the rights of Plaintiff and the proposed classes under the FCRA;

(e) Award Plaintiff and the proposed classes statutory and punitive damages as provided by the FCRA;

(f) Award Plaintiff actual damages as provided by the FCRA;

(g) Award attorneys' fees and costs pursuant to the FCRA; and

(h) Grant Plaintiff and the proposed classes any other legal and equitable relief that this Court deems just and proper.

Dated: June 27, 2016     Respectfully Submitted:

**Mueller Law Firm**

By: s/Justin R. Mueller
Justin R. Mueller
La. Bar Roll No. 36108
P.O. Box 5205
Lafayette, LA 70502
Telephone: 337.909.5424
Fax: 337.264.1869
jm@jmuellerlaw.com
*Attorney for Plaintiffs*